IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| **BREY CORP. t/a HOBBY WORKS**<br><br>   Plaintiff<br><br>   v.<br><br>**LIFE TIME IMPROVEMENTS, INC.**<br>**d/b/a LIFE TIME PAVERS**<br><br>   Defendant | **Civil Action No.: JFM-11-948** |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

COMES NOW, Defendant Life Time Improvements, Inc. d/b/a Life Time Pavers, by and through its counsel, and in support of its Motion to Dismiss state as follows:

**I.     ALLEGATIONS OF LAWSUIT**

Plaintiff has filed the instant action alleging Defendant's violation of the Telephone Consumer Protection Act (hereinafter "TCPA"), 47 U.S.C. § 227. Specifically, Plaintiff alleges that on November 29, 2007, and on other dates before and after that date, Defendant transmitted unsolicited facsimile advertisements to Plaintiff and thousands of other consumers in Maryland and throughout the United States. *Complaint* at ¶ 14. Plaintiff further alleges that it did not give prior permission or consent to Defendant to transmit this advertisement, and that it did not have a prior business relationship with Defendant. *Id*. at ¶¶ 15-16. Finally, Plaintiff alleges that the facsimile did not contain a complaint Opt-Out notice. *Id*. at ¶ 17. Plaintiff's lawsuit requests class certification on behalf of itself and all other similarly situated persons or entities. Plaintiff asserts that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## II.  LEGAL STANDARD

A motion to dismiss based on lack of subject matter jurisdiction under Rule 12(b)(1) raises the question of whether the court has the authority or competence to hear the case.  Motions to dismiss for lack of subject matter jurisdiction are properly granted where a claim fails to allege facts upon which the court may base jurisdiction.  *Crosten v. Kamauf*, 932 F.Supp. 676, 679 (D.Md.1996).  The Plaintiff bears the burden of proving that subject matter jurisdiction properly exists in the federal court.  *Biktasheva v. Red Square Sports, Inc.*, 366 F.Supp2d 289, 294 (D.Md.2005).  The Court should grant the motion only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.  *Richmond, Fredericksburg & potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir.1991).

## III.  ARGUMENT

Plaintiff contends that this court has subject matter jurisdiction of the federal claims asserted in this action under 28 U.S.C. § 1331.  The federal claim is based on Plaintiff's allegation that Defendant has violated the Telephone Consumer Protection Act, 47 U.S.C. § 227.  Contrary to Plaintiff's assertion however, the TCPA, while admittedly a federal law, does NOT grant the federal courts subject matter jurisdiction over private causes of action.  This specific issue was addressed by the Fourth Circuit Court of Appeals in *International Science & Technology Institute, Inc. v. Inacom Communications, Inc.*, 106 F.3d 1146 (1997) in a case almost factually identical to the instant action.

In *International Science*, International Science & Technology Institute, Inc. (hereinafter "International Science") received unsolicited facsimile advertisements for discount long-distance telephone service from Inacom Communications, Inc. (hereinafter "Inacom"). International Science filed suit alleging that Inacom sent thousands of unsolicited advertisements throughout the United States in violation of the TCPA. *Id*. at 1150. As in the instant case, International Science filed a class action suit under the TCPA, asserting federal-question jurisdiction under 28 U.S.C. § 1331. The district court dismissed the suit for lack of subject matter jurisdiction, ruling that private actions authorized under the TCPA can only be filed in state courts. *Id*.

Analyzing whether Congress intended to authorize jurisdiction over private actions exclusively in state courts, the court began by noting the text of the statute, "a person or entity *may*, if otherwise permitted by the laws or rules of court of a State, *bring in an appropriate court of that State*" an action for violation of the TCPA's ban on unsolicited fax-advertising. *Id*. at 1151 (emphasis in original)(citing 47 U.S.C. § 227(b)(3). The court noted that the permissive authorization (by use of the term "may") extends only to courts of general jurisdiction (state courts) and that use of that term cannot confer jurisdiction on unmentioned courts of limited jurisdiction (federal courts), which require a specific grant of authorization. *Id*. The court concluded that "when, in § 227(b)(3) of the TCPA, Congress authorized jurisdiction over private actions in state courts without mentioning federal courts, it did not intend to grant jurisdiction over TCPA claims in federal district courts." *Id*. at 1152.

3

In further support of this conclusion, the court noted that the statute conferred exclusive federal over actions by states attorneys general and that in the rest of the Communications Act, Congress explicitly provided for concurrent jurisdiction when it so intended. *Id.* Utilizing this analysis, the court concluded that when Congress provided in § 227(b)(3) of the TCPA that private civil actions "may" be brought in the appropriate courts of the state, it did not intend to confer concurrent jurisdiction on the federal courts. *Id*. at 1153.

Finally, the Court analyzed whether the general federal-question jurisdictional statute, 28 U.S.C. § 1331 was sufficient to confer jurisdiction on the district court because a TCPA claim "arises under" federal law. *Id*. In its analysis, the court noted that § 1331 is a *general* federal-question statute, which gives the district courts original jurisdiction unless a specific statute assigns jurisdiction elsewhere. *Id*. at 1154 (emphasis in original). In holding that § 1331 did NOT confer jurisdiction on the district court, it stated:

> In the TCPA, Congress made explicit provision not only for federal actions by states attorneys general but also for state actions by private individuals. Had it not done so, we might be left with a question under *Cort v. Ash*, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975), of whether the TCPA created an *implied* federal right of action cognizable as specified in 28 U.S.C. § 1331. But of course, in the TCPA Congress did manifest its specific intent that private TCPA actions should be brought in the state courts. As in *Merrell Dow*, "it would flout congressional intent [here]...to conclude that the federal courts might nevertheless exercise federal question jurisdiction." 478 U.S. at 812, 106 S.Ct. at 3234. **The particularized congressional intent manifested in 47 U.S.C. § 227(b)(3) governs, not the general proposition announced in § 1331.**

*Id*. at 1155 (bold added).

4

### IV. CONCLUSION

As held by the court in *International Science*, a case factually identical to the instant action, the specific language of the statute, fully supported by the congressional intent behind it, confer exclusive jurisdiction in the state courts over private causes of action brought under the TCPA.

WHEREFORE, for the reasons set forth above, Defendant Life Time Improvements, Inc. d/b/a Life Time Pavers respectfully requests this Honorable Court dismiss this action pursuant to Fed R. 12(b)(1) for lack of subject matter jurisdiction.

Respectfully submitted,

**BUDOW AND NOBLE, P.C.**


/s/
Michael J. Budow, Bar No. 03987

/s/
Howard R. Meinster, Bar No. 16150
The Air Rights Center
7315 Wisconsin Avenue
Suite 500 West
Bethesda, MD 20814
(301) 654-0896 office
(301) 907-9591 facsimile
mbudow@budownoble.com
hmeinster@budownoble.com